*Eastern Dis.*
*August,* 1832.

TUCKER
*vs.*
LILES.

Where the record is imperfect, the appeal will be remanded at the cost of the appellant.

---

## TUCKER *vs.* LILES.

APPEAL FROM THE THIRD JUDICIAL DISTRICT.

Whether amendments after issue joined, shall be permitted, depends on the exercise of the sound and legal discretion of the court, but from the exercise of that discretion an appeal may be taken.

It is a general principle, which may be safely resorted to, that amendments should be permitted when they tend to the furtherance of justice.

4 L 298
48  391

**38**

Tucker
vs.
Liles.

Mathews, J., delivered the opinion of the court.

This suit was commenced by S. R. Tucker, in her capacity as tutrix to her minor children, and S. Tucker assisted by her curator *ad litem*. While the action was pending, the plaintiffs both married, and in consequence of their marriage the husband of the former was united with her in the tutorship of her children, and it became necessary that the husband of the latter should be made a party with her in the present suit.

These facts seem not to have been known by the counsel of the plaintiffs; or at all events he did not act on them until after the trial of the cause was entered on. He then moved the court for leave to amend his petition by inserting the names of the husbands of the plaintiffs and making them parties to the action. This motion was overruled by the court below as having been made too late. Judgement of nonsuit was pronounced, and the plaintiffs appealed.

According to the article 419 of the Code of Practice, a plaintiff with the leave of court may amend his petition after issue joined, provided the amendment does not alter the substance of his demand.

Whether amendments after issue joined shall be permitted, depends on the exercise of a sound and legal discretion of the court before which a cause may be pending; but the exercise of such discretion is not absolute and conclusive on a party claiming to amend his pleadings. It is subject to revision by the Supreme Court. The prohibition of the law seems to be confined to amendments in relation to petitions which tend to alter the substance of the plaintiff's demand. All other objections to their admissibility ought, perhaps, to depend on the aid which they may afford in the administration of justice. In this respect it is of importance that the rights of suitors should be decided on promptly, at least without delay, except such as may be necessary to ascertain the facts of a case and the law which should govern it. The doctrine of amendments in pleading, it is believed, cannot be well reduced to positive rules, applicable to all cases; and the only

Whether amendments after issue joined shall be permitted, depends on the exercise of the sound and legal discretion of the court, but from the exercise of that discretion an appeal may be taken.

It is a general principle, which may be safely resorted to, that amendments should be permitted when they tend to the furtherance of justice.

general principle which may be safely resorted to in testing the soundness of the exercise of the discretionary power granted to courts as to amendments, is that recognised in the case of *Debuys et al.* vs. *Molier*, 2 *N. S. p.* 625, *i. e.* according as they may tend to the furtherance of justice, or have a contrary effect.

In pursuance of this principle, we are of opinion that the amendment should have been permitted as requested, in the present case.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be avoided, reversed, and annulled; and it is further ordered, adjudged, and decreed, that the cause be sent back to said court, to be proceeded in *de novo,* with instructions to that court to allow the plaintiffs to amend their petition as prayed for; the appellee to pay the costs of this appeal.