UNITED STATES *v.* BOECKER ET AL.

The provision in the sixth section of the act of July 20th, 1868, as to notice of the *place* at which a distiller is to carry on his business, is not matter of form; and when the distiller's bond, following the notice, recites that a person is about to be the distiller at one place, as *ex. gr.*, "*at the corner of Hudson Street and East Avenue, situate in the town of Canton,*" his sureties are not liable for taxes in respect of business carried on by him at another, as *ex. gr.*, "*at the corner of Hudson and Third Streets,*" in the same town, even though he have had no distillery whatever at the first-named place; about four squares from the last-named.

ERROR to the Circuit Court for the District of Maryland.

The United States sued Henry Boecker, principal, and C. Schorr and F. Altevoght, his sureties, in a distiller's bond. The bond was in the penal sum of $6000, and conditioned that, whereas the said Henry "is now, or intends, on and after the 4th day of May, 1869, to be a distiller within the second collection district of the State of Maryland, to wit, *at the corner of Hudson Street and East Avenue,* situate in the town of Canton, county of Baltimore, and State aforesaid; now, if the said Henry shall in all respects faithfully comply with all the provisions of law in relation to the duties of distillers," &c., "then this obligation to be void, otherwise it shall remain in full force."

It was proved upon the trial that Boecker was largely indebted to the United States "for taxes assessed against him in respect to his business of distilling, carried on by him at his distillery *at the corner of Hudson and Third Streets, in the town of Canton,* for the months of May, June, July, August,

September, October, November, and December, in the year 1869, and that the said taxes remained unpaid." It was further proved " that no distillery at any other place was carried on by said Boecker, and that there was not any distillery at the corner of Hudson Street and East Avenue," and that the latter place was about four squares from the former.

The defendants Schorr and Altevoght thereupon prayed the court to instruct the jury that if they " shall find from the evidence that no distillery was ever carried on by the said Boecker at the corner of Hudson Street and East Avenue," " they would find their verdict for the defendants, although they may find that said Boecker carried on a distillery at some other place at Canton, and for his operations at which place he became indebted in this suit."

This instruction was given. The United States excepted. The jury found for the defendants, and judgment being entered accordingly, the case was brought here.

The bond was taken under the act of July 20th, 1868.* Its provisions bearing upon the subject are as follows:

" SECTION 1. Every proprietor or possessor of a still, distillery, or distilling apparatus, and every person in any manner interested in the use of any such still, distillery, or distilling apparatus, shall be jointly and severally liable for the taxes imposed by law on the distilled spirits produced therefrom, and the tax shall be a first lien on the spirits distilled, the distillery used for distilling the same, the stills, vessels, fixtures, and the tools therein, on the lot or tract of land whereon the said distillery is situated, together with any building thereon, from the time said spirits are distilled until the said tax shall be paid.

" SECTION 6. Every person engaged, or intending to be engaged, in the business of a distiller or rectifier, shall give notice in writing, subscribed by him, to the assessor of the district within which said business is to be carried on, stating his name and place of residence, and, if a company or firm, the name and place of residence of each member thereof, *and the place where such business is to be carried on,* and whether of distilling or rec-

---

* Ch. 186, 15 Stat. at Large, 125.

tifying; and, if such business be carried on in a city, the residence and place of business shall be indicated by the name of the street and the number of the building."

In the case of a rectifier the notice must state " the precise location of the premises where such business is to be carried on," and that the " establishment is not within six hundred feet of the premises of any distillery," &c. In case of change in the location, &c., of a distillery, notice in writing is required to be given to the assessor or his assistant within twenty-four hours. Every notice required by this section shall be " in such form, and shall contain such additional particulars, as the Commissioner of Internal Revenue shall from time to time prescribe. . : . Any person failing or refusing to give such notice shall pay a penalty of $1000, and, on conviction, shall be fined not less than $100 nor more than $2000, and any person giving a false or fraudulent notice shall, on conviction, in addition to such penalty or fine, be imprisoned not less than six months nor more than two years."

Section seven prescribes the bond to be given. It is to have two sureties, and one of the conditions required is that the distiller

" will not suffer the lot or tract of land on which the distillery stands, or any part thereof, or any of the distilling apparatus, to be incumbered by mortgage, judgment, or other lien during the time in which he shall carry on said business."

Section eight enacts that the bond is not to be approved unless the distiller is the owner in fee, unincumbered, of the lot or tract of land on which the distillery is situated, or unless he files with the assessor the written consent of the owner of the fee and of any incumbrance, that the premises may be used for the purpose of distilling spirits, subject to the provisions of law, and stipulating that the lien of the United States for taxes and penalties shall have priority over such incumbrance, and that, in case of forfeiture of the premises, the title shall vest in the United States, discharged from such incumbrance, whatever it may be.

Section twelve forbids the use of any still, boiler, or other vessel for the purpose of distilling " within six hundred feet of any premises authorized to be used for rectifying," and declares that the offender against this, or either of the other prohibitions contained in this section, "shall, on conviction, be fined $1000, and imprisoned for not less than six months nor more than two years, in the discretion of the court."

*Mr. S. F. Field, for the United States, the plaintiff in error,* argued that the locality where the distillery was intended to be placed, described in the bond, was immaterial, and that the sureties were liable for the defaults of their principal occurring where the distillery was situated, in all respects as if it had been located at the place named in the bond.

*Messrs. E. O. Hinkley and J. V. L. Findlay, for the sureties,* cited numerous authorities to show that sureties were bound for nothing whatever but that for which they agreed to be bound, and that courts favored them in the construction of their engagements. He argued accordingly that here they were not liable for the taxes.

Mr. Justice SWAYNE, having stated the case, delivered the opinion of the court, as follows:

The several provisions bearing on the subject, in the act of July 20th, 1868, under which the bond sued on in this case was taken, show the importance attached by the statute to the place as designated in the notice required to be given by the distiller before commencing business. Here the bond, it is to be presumed, followed the notice. The designation of the place is made important to the distiller, to his sureties, and to the government, in several respects. If the place be not as designated in the notice the distiller is outside of the law and liable to the penalties denounced by the sixth section. If it be within six hundred feet of premises authorized to be used for rectifying, he is liable to suffer as prescribed in the eighth section. The premises having been specified in the notice, the surety, before executing the bond,

and the assessor, before taking it, may examine and determine how far, in the event of liability on the part of the principal, the property would be available as security for the government and indemnity for the surety.

If the proposition of the counsel for the United States were sustained, the designation of the place, as in this bond, instead of affording a limitation and a safeguard to the surety, might prove but a delusion and a snare, and subject him to liabilities which he could not have foreseen, and to the hazard of which he would not knowingly have exposed himself. In such cases, the United States having a lien, the surety is entitled to the benefit of it. He might be willing to bind himself where the lien was upon one piece or parcel of property, and unwilling where it was upon another. His ultimate immunity or liability might depend wholly upon the value of the premises. He had the option to assume the risk or not. This element may have controlled the exercise of his election.

Viewing the subject in the light of these considerations, we cannot assent to the view expressed by the counsel for the government. On the contrary, we think this term of the bond is of the essence of the contract. It is hardly less so than the amount of the penalty. One defines the place where the liability must arise, the other the maximum of that liability for which the sureties stipulated to be bound. The former can no more be held immaterial than the latter. No distillery having been carried on at the place named, the contract never took effect. The event to which it referred did not occur. There could consequently be no liability within the letter or meaning of the contract. It was as if the agreement had been for the good conduct of a clerk while in the service of B., and the clerk never entered his service, but entered into the service of another. Distilling begun and carried on elsewhere was no more within the obligation of the sureties than if it had been begun and carried on there or elsewhere by a person other than Boecker. No other place than that named is, under the circumstances of this case, within the letter, spirit, or meaning of the bond.

The specification has no elasticity. It cannot be made to extend to the locality where the distillery here in question was placed. In *Miller* v. *Stewart*,[*] this court said: "Nothing can be clearer, both upon principle and authority, than the doctrine that the liability of a surety is not to be extended by implication beyond the terms of his contract. To the extent, and in the manner, and under the circumstances pointed out in his obligation he is bound, and no further. . . . It is not sufficient that he may sustain no injury by a change in the contract, or that it may even be for his benefit. He has a right to stand upon the very terms of his contract, and if he does not assent to any variation of it and a variation is made, it is fatal."

To the same effect is *Ludlow* v. *Simond*.[†]  There is no more learned and elaborate case upon the subject.

The leading English case is *Lord Arlington* v. *Merricke*.[‡]

These authorities are conclusive of the case before us. It is needless to analyze and discuss them. Others, without number, maintaining the same principle, might be referred to. Many of those most apposite to this case are cited in the argument of the counsel for the defendants in error. The rules of the common law upon the subject are as old as the Year Books. Those rules were doubtless borrowed from the earlier Roman jurisprudence, known as the civil law. They obtain throughout the States of our Union. The adjudications everywhere are in substantial harmony.

The question here was not as to the law in the abstract, but as to its application to the facts of the case.

A careful examination has satisfied us that the learned judge upon the trial below instructed the jury correctly.

JUDGMENT AFFIRMED.

Mr. Justice BRADLEY (with whom concurred Justices CLIFFORD, DAVIS, and STRONG), dissenting:

I dissent from the opinion of the court in this case. It seems to me that it has a tendency to cast every burden on

---

[*] 9 Wheaton, 703.    [†] 2 Caine's Cases, 1.    [‡] 2 Saunders, 402.

the government and to unduly relieve the sureties of the distiller from responsibility for his acts. By the sixth section of the act of July 20th, 1868, every person intending to be engaged in the business of a distiller is to give notice in writing to the assessor of the district within which such business is to be carried on, stating his name and place of residence, and the place where said business is to be carried on; and if in a city, the residence and place of business is to be indicated by the name and number of the street. He is then, by the seventh section, to execute a bond with at least two sureties, to be approved by the assessor. Such a notice and such a bond were given in this case. The bond recited, in the preamble to the condition, the fact that the distiller intended to be engaged in the business of a distiller within the second collection district of the State of Maryland, to wit, at the corner of Hudson Street and East Avenue, situate in the town of Canton, county of Baltimore. Then followed the terms of the condition, namely, that the distiller should in all respects faithfully comply with all the provisions of law, &c., and not suffer the lot on which the distillery stood to be incumbered, &c. Now the sureties contend that if the distillery is actually established on a different lot from that suggested in the recital, though only across the street, or even the adjoining lot on the same side, they are not bound. It seems to me that it is for them, and not for the government, to see that the distiller pursues his business on the lot which he gives notice to the assessor that he will use for that purpose. They are the guarantors of his conduct to the government, and not the government to them. If after starting his distillery he changes its location, or after giving notice of the location he changes his mind and commences business on another lot, the sureties ought to be bound for the regularity of his conduct. If he should not carry on business in the designated district, but in a different one, subject to the jurisdiction of another assessor, to whom the bond was not given, the result might be different. But if he establishes it in the same district, the sureties ought to be liable. The condition is not that

he shall comply with the law only on that particular lot.
That can only be claimed as an inference of law.    But does
such an inference arise in this case?    The fact that the dis-
tiller intended to pursue his business on that lot is men-
tioned, it is true, in accordance with his notice.    But this is
no part of the substance of the condition; the substance is
that he was going to engage in the business of a distiller in
that district, and the sureties guaranteed his compliance
with the law.    Where a sheriff or marshal is elected or ap-
pointed for a particular term, a bond given for the faithful
discharge of his duties relates by implication of law to that
term alone; and the sureties are not bound for a subsequent
term in case of his re-election or reappointment.    This is so,
whether the condition recites the term of office for which
the appointment was made or not.    This is the reasonable
inference from the whole transaction.    But, in the case
under consideration, the implication of law and the reason-
able inference is that the sureties are bound for the conduct
of their principal, though he should change the location of
his distillery to any other place within the district.    Other-
wise the government is liable to be subjected to great frauds.
It is the duty of the sureties, rather than that of the govern-
ment officials, to see that no change is made without the
distiller's pursuing the formalities required by the law.    If
it is made without those formalities, there would be stronger
reason for holding that fact of itself as constituting a viola-
tion of the bond, than for holding that it discharges the
sureties from all obligation whatever.