(41 South. 245.)

No. 15,928.

SEGARI v. MAZZEI et al.

(April 9, 1906. Rehearing Denied May 21, 1906.)

PRINCIPAL AND SURETY — CHANGE OF CONTRACT—RELEASE OF SURETY.

A mere change in the site of a dwelling house, to be constructed under a contract, from one place to another in the same square, for the accommodation of the owner, and without causing any additional expense to the contractor, is not such an alteration of the contract as will discharge the surety of the contractor.

. (Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred Durieve King, Judge.

Action by Simon Segari against Frank D. Mazzei and others. Judgment for plaintiff, and to obtain a correction therein he appeals. Judgment amended and affirmed, and judgment in favor of the surety company reversed.

Charles Rosen and Benjamin Rice Forman, for appellant. Frederick Sussman Weis and Saunders & Gurley, for appellees.

LAND, J. Plaintiff made a contract with Frank D. Mazzei, a builder, for the construction of a two-story frame building "on the property belonging to said Segari situated on Park Place near City Park avenue, formerly Metairie Road," in the Second District of the city of New Orleans.

The Ætna Indemnity Company intervened in the act through its agents, who declared that they have taken cognizance of the foregoing contract and of the plans and specifications and "bind said company as surety for said builder jointly and in solido with him unto said Segari, up to the sum of $6,600, for the prompt, faithful, and correct execution of the foregoing contract, according to its true extent and meaning, for the prompt and faithful payment of the laborers employed upon the work, and of the furnishers of materials used in the construction thereof, and also of the subcontractors, for whatever amount may be due them for work done, labor performed, and supplies and materials furnished to said building."

At the time the contract was signed, Segari owned certain lots on Park Place. He subsequently purchased lots on City Park avenue, in the immediate vicinity.

By agreement with Segari, the builder proceeded to construct the house on the last-mentioned lots, but abandoned the job before the building was finished.

After putting the contractor and the indemnity Company in default, Segari finished the building according to the contract, and at a cost of $1,911.53 over and above the balance of the price retained by him, including demurrage.

There were a number of bills of subcontractors and materialmen recorded against the building.

Segari sued Mazzei and the indemnity company to recover the said sum of $1,911.53, and to compel them to pay and discharge the recorded bills aforesaid. Subsequently the subcontractors and materialmen sued Segari, who on the advice of counsel paid their claims, with subrogation. Segari then by amended petition sought to recover judgment against the defendants in solido for the sums so paid. The defense of the indemnity company to the original demand was nonliability, on the ground that the bond covered a building to be erected on a different square of ground from that on which the building was actually constructed.

The indemnity company excepted to the amended petition, on the grounds that it changed the issues and came too late after evidence had been adduced on the original demand and answer. The exception was overruled, and evidence was adduced on the amended petition, to all which the indemnity company objected and reserved proper bills of exception.

Judgment was rendered in favor of the indemnity company, and plaintiff has appealed.

The amended petition did not change the issue.

Whether the indemnity company paid the recorded claims to the original owners or to plaintiff, as their assignee with subrogations, was immaterial to the issue of liability.

The substance of the demand was not altered. Code Prac. art. 419. The time of the allowance was a matter in the discretion of the trial court. A ruling which causes mere delay in the proceedings is not reviewable on appeal.

The crucial question in the case is whether the indemnity company was relieved from liability by the change in the contract as to the place whereon the building was to be constructed.

It is to be noted that the place is not

otherwise described than "as property belonging to said Segari situated on Park Place near City Park avenue."

When the contract was signed the plaintiff owned four lots fronting City Park Row.

The house was constructed on two lots in the same square fronting on City Park Boulevard, which plaintiff acquired after the contract was executed.

We assume that the term "Park Place" was used to designate the small subdivision, although no such name appears on the plat filed in the record.

Hence, the contract on its face does not show where the property was located save by reference to "Park Place," which itself is not identified on any map or plat. It is true that by investigation and inquiry we can ascertain that the parties had in their minds the square or subdivision fronting on City Park Boulevard and the lots belonging to the plaintiff on City Park Row.

But these lots are not described with sufficient certainty to identify them. "Property" is a very vague term and is used in the contract to indicate ground of some kind belonging to the plaintiff. The record of the act conveyed to third persons no notice of the particular piece of ground in contemplation of the parties.

Under the vague description in the contract, the particular location of the building was not fixed or determined.

On the face of the instrument it does not appear that the particular site of the building was of any importance, as the parties contented themselves with indicating a subdivision without describing any particular portion thereof. As to the builder and his surety, they had no interest in the particular location of the building, provided the plaintiff owned the ground on which it was to be erected.

Plaintiff's obligation was to furnish the necessary ground in Park Place for the erection of the building. Provided plaintiff furnished the site as soon as the contractor was ready to commence work, the latter and his surety had no right to complain.

Counsel for the indemnity company rely on the case of United States v. Boecker, 21 Wall. 652, 22 L. Ed. 472. That case was a suit against a surety on a distiller's bond, which recited that a certain person was about to be a distiller at the corner of two certain streets, and it was shown that he had established a distillery four squares distant from the place mentioned. A majority of the court decided that the surety was not liable for taxes assessed against the defendant in respect to his business of distilling carried on at a place different from the one nominated in the bond. In the majority opinion, it is stated that the statute required the distiller to give the assessor notice of the place where the business was to be carried on, and that "the designation of the place is made important to the distiller, to his sureties, and to the government in several respects." The court reached the conclusion that the designation of the place was of the essence of the contract, and that, no distillery having been carried on at the place named in the bond, the contract never took effect.

The view of the minority, consisting of four justices, was that the designation of the place was no part of the substance of the condition, which was that the distiller was going to engage in the business of distilling in the district, and that the sureties guarantied his compliance with the law.

In Miller v. Stewart, 9 Wall. 681, 6 L. Ed. 189, a deputy collector of taxes gave a bond with surety for eight townships.

There was afterwards another township interlined, making nine in all. The court properly held that this was a change in the contract which released the surety, as it increased his liability.

In the case at bar, there has been no change in the stipulations of the contract, and the only question for solution is whether the place vaguely designated in the contract as the site of the proposed building is of the substance of the obligation. We do not think so, for the reasons already stated.

It was a matter of no importance to the contractor or surety on what particular lots in the subdivision the house was erected.

Neither the contractor nor the surety made any objections to the construction of the building on the lots purchased after the contract was made. The house was constructed under the terms of the contract and in accordance with the plans and specifications attached thereto. If the contractor had finished the building pursuant to the terms of the contract, all of its obligations would have been discharged.

The contention that plaintiff, after having consented to the erection of the building on a particular site, could have compelled the contractor to duplicate the structure on the site first contemplated, is without merit.

It might as well be argued that a purchaser, having consented to receive the property at a place other than that designated in the contract, can compel a second delivery. The place of performance may be waived without affecting the binding force of a contract.

The consent change of location did not alter the obligation of the contractor to build or the obligation of the owner to pay for the work.

The Supreme Court of the United States, in speaking of the discharge of a surety on account of some changes by agreement in the execution of a contract, said:

"There must be another contract substituted for the original contract, or some alteration in a point so material as in effect to make a new contract, without the surety's consent, to produce that result." Benjamin v. Hillard, 23 How. 149, 16 L. Ed. 518.

In the case at bar the site was of no importance to the contractor or the surety, and the change of site was merely a matter of accommodation to the owner, and did not alter or change the building contract in any material point.

The following items are established by the evidence, and we give dates from which interest, at the rate of 5 per cent. per annum, commences to run, viz.:

| | Amount | Interest from |
|---|---|---|
| Cost of finishing house and demurrage | $1,911 53 | April 10th, 1905. |
| Bill Jas. Demourelle & Sons. | 510 75 | " 15 " " |
| " Zimmerman Bld. Co.... | 26 50 | " 15 " " |
| " Lorffler Co.............. | 171 25 | " 15 " " |
| " Albert Brandin......... | 297 00 | " 20 " " |
| " Chas. Stopper.......... | 275 00 | " 20 " " |
| " Henry Mansion......... | 384 80 | " 20 " " |
| " J. J. Zeigler............. | 150 00 | " 20 " " |
| " H. F. Lewis & Co....... | 305 75 | " 22 " " |
| Total ................... | $4,032 58 | |

The Durand claim is established by the evidence, but we can find no transfer of the account to the plaintiff. His testimony to payments is general and refers to transfers filed in evidence.

The claim of J. V. Rocca for $923.12 and the claim of A. Baldwin & Co., for $115 are shown to be correct as to amounts, but there is no satisfactory evidence that any definite amount of the materials furnished were used in the construction of the building.

Plaintiff will be nonsuited on the foregoing three items. The surety under the terms of the contract is bound only for materials used in the construction of the building.

Plaintiff obtained judgment against the defendant Mazzei, and has appealed therefrom to correct and fix the dates from which interest is to run.

It is therefore ordered, adjudged, and decreed that the judgment against Frank D. Mazzei be amended so as to make interest commence to run on the sum of $923.12 from April 20, 1905, and on the sum of $115 from April 28, 1905, and on the sum of $90.13 from June 8, 1905, and on all other sums as hereinbefore stated, and that as thus amended said judgment be affirmed; and it is further ordered, adjudged, and decreed that the judg-

ment in favor of the Ætna Indemnity Company be reversed, and it is now ordered and decreed that the plaintiff, Simon Segari, do have and recover of the said Ætna Indemnity Company, defendant herein, the full sum of $4,032.58, with legal interest on the sums and from the dates set forth in the foregoing opinion, and costs of suit; and it further ordered and decreed that plaintiff's demand as assignee of Gilbert Durand, A. Baldwin & Co., and J. V. Rocca, be dismissed as in case of nonsuit, and that defendants pay costs of appeal.