[No. 16737. Department One. January 6, 1922.]

MAIRIAM S. MOLIN, *Respondent,* v. A. S. ANDERSON, *Defendant,* NEW AMSTERDAM CASUALTY COMPANY, *Appellant.*[1]

PRINCIPAL AND SURETY (8)—LIABILITY—FRAUD OF OBLIGEE—EVIDENCE—SUFFICIENCY. The obligee under a building contractor's bond is not chargeable with fraud in failing to notify the bonding company that the contractor was in default on his contract and had already been paid a considerable sum thereon, it being the bonding company's privilege to inquire, and not the obligee's duty to volunteer the information.

SAME (8)—LIABILITY—FRAUD OF OBLIGEE—KNOWLEDGE OF FACTS AS CONSTITUTING FRAUD. Where a contractor's bond was given to protect the owner under a contract calling for the erection of four dwelling houses, the fact that the building contract recited that all the houses were on one street, while in fact one of them was on another street in the same block, would not constitute a defense against the bond where the bonding company by investigation could readily have learned the fact, it further appearing that the surety was not misled to its injury, since the total cost was not increased.

SAME (19)—EXTENT OF LIABILITY—PERFORMANCE—BUILDING CONTRACTS. The fact that a contractor's bond was written after the work on the houses covered thereby had been commenced would not affect liability under the bond, where it was conditioned that the contractor should perform the whole contract and not a part of it.

SAME (40)—DISCHARGE OF SURETY—FAILURE TO GIVE NOTICE. Notice to a surety on a building contractor's bond of his abandonment of the contract, given by the obligee twenty-three days after learning thereof, is within a reasonable time, under a provision of the bond calling for formal notice immediately after knowledge of the default of the contractor, where the surety already had knowledge of the default and there is no showing of injury or damage because formal notice was not sooner given.

Appeal from a judgment of the superior court for King county, Ronald, J., entered February 28, 1921, upon findings in favor of the plaintiff, in an action on a contractor's bond, tried to the court. Affirmed.

[1]Reported in 203 Pac. 8.

*Ogden & Clarke,* for appellant.

*Jacob Kalina* and *Preston, Thorgrimson & Turner,* for respondent.

BRIDGES, J.—This was a suit upon a building contract bond. The defendant casualty company has appealed from a judgment against it.

It is first contended by the appellant that respondent cannot recover because she was guilty of fraud, actual or legal, in procuring the bond. This requires us to make an examination of the facts: On the 24th day of October, 1918, respondent entered into a written contract with Anderson for the construction by the latter for the former of four dwellings in Seattle. The houses were to be completed by January 20, 1919. The contract did not provide for any bond. The testimony, however, convinces us that, shortly after Anderson started work on these dwellings, the respondent demanded or requested of him a bond for the faithful performance of the contract, and that he agreed to give it, but that it was not given until December 21, 1918, although respondent had more than once demanded it. On that day Anderson was asking for more money than respondent thought he had earned, and the latter refused to make that payment till the bond was furnished. Thereupon Anderson visited the appellant's agents in Seattle and obtained the bond sued upon and delivered it to the respondent. Neither she nor any person for her was present when the bond was applied for or written, nor did she, or any person for her, make any representations to appellant or its agents concerning the contract or the work done under it. The trial court made findings in accord with the facts as we have stated them. It is plain, therefore, that respondent was not guilty of any active fraud.

But it is argued that although respondent did not make any representations to the appellant concerning the contract or bond, yet she had knowledge of certain facts and circumstances which she was bound to impart to the appellant, and her failure to do so would amount to a fraud. It is contended that, at the time the bond was written, the respondent knew that Anderson had not paid a large amount of the bills contracted by him, and that he was in default on his contract, and that he had already been paid large sums. We do not find anything which indicates that respondent knew that the contractor had not paid his bills. It is true, the contractor brought her a lot of receipted bills which respondent testified were fraudulent. But she did not learn they were fraudulent till long after this bond was given. If appellant was interested in knowing how much the contractor had been paid before the bond was made, it was its privilege to inquire, and not respondent's duty to volunteer the information. Indeed, there is nothing in the record to show that appellant, at the time it wrote the bond, did not know exactly the facts surrounding the whole transaction. In its brief appellant says: "This case, in its last analysis, simply presents this question: Does the court believe Molin's story?" The lower court, who had the witnesses before it, believed her story and manifestly disbelieved most of the testimony given by the contractor, Anderson. The agent who made the bond had died before the trial. We are unable to see anything which would indicate to us that the trial court was wrong in believing respondent's testimony.

. The written contract between the respondent and Anderson provided that the four dwellings were to be constructed on 24th avenue north, between Graham and Lynn streets, in Seattle, on property belonging to

the respondent. The actual agreement, however, between the parties was that three of the houses were to be built on 24th avenue, and one was to be built on 25th avenue, and before the contract was signed, this error was discovered and attempted to be corrected by Anderson indorsing on the contract the following words: "This contract is changed to read that one of these bungalows that should be on 23rd street is to be located on 24th street, as described by error." It will be observed that the written indorsement was itself wrong, and did not make the contract comply with the agreement of the parties. The bond recited that it was for the performance of the contract to build four dwellings on 24th avenue. The appellant contends that, under these circumstances, it should not, in any event, be liable for the house on 25th avenue. The bond was not issued until nearly two months after the date of the contract, and for several weeks after the commencement of the work on all the houses in question. Under these circumstances, if the appellant made any investigation at all at the time it wrote its bond, it must have learned that one of the houses was being constructed on 25th avenue. In any event, the testimony shows that it would not have cost the contractor any more to build one of the houses on 25th avenue than on 24th and, consequently, appellant could not have been misled to its injury. *Segari v. Mazzei,* 116 La. 1026, 41 South. 245.

Appellant also contends that it should not be held liable for loss which occurred prior to the issuance of the bond. We are unable to see any merit in this contention. The condition of the bond was that the contractor should perform the whole contract and not a part of it. The mere fact that the bond was written after the work on the houses had been commenced could not affect the liability on the bond.

The bond provided that, "the surety shall be notified in writing of any act on the part of said principal . . . which may involve a loss for which the surety is responsible hereunder, immediately after the occurrence of such act shall have come to the knowledge of said owner . . . and a registered letter mailed to the president of the surety at Baltimore, Maryland, shall be the notice required within the meaning of this bond."

The testimony shows that, on the 18th of January, 1919, the respondent learned that the contractor had abandoned the work; the formal written notice to the appellant of such abandonment was given on February 10. In other words, the formal notice was given twenty-three days after the respondent learned that the contractor had abandoned the job. It is contended that the respondent should not be permitted to recover because she did not give the notice within the time provided by the bond. Ordinarily speaking, under a provision of the character here in question, it is the duty of the owner to give the notice within a reasonable time after he has learned of the default. The testimony shows that appellant had knowledge of the default of the contractor before it received the formal written notice, and there is nothing to show that it was injured or damaged because the formal notice was not sooner given. Under these circumstances, it is plain that the notice was given within a reasonable time.

The judgment is affirmed.

PARKER, C. J., FULLERTON, MITCHELL, and TOLMAN, JJ., concur.