ROGERS, J.
 

 The parties to this suit are husband and wife. They were married on July 4,1900, and established their matrimonial domicile in the village of Bonita.
 

 On March 5,1906, plaintiff obtained a judgment against her husband for a separation of property and'granting her the administration and control of her paraphernal property. Included in her separate estate is a lot of ground upon which the common dwelling house was built and a plantation which plaintiff inherited from her mother.-
 

 It appears that in the year 1922 difficulties arose between the parties. These difficulties become so acute in the spring of 1924 that defendant, after receiving $1,500 from his wife, $400 of which he returned later, voluntarily quit the matrimonial domicile. After an absence of several months he returned, and within a short time thereafter plaintiff left her home and went to reside with her father.
 

 On August 15, 1924, she brought this suit, alleging, in substance, that her husband’s conduct towards her and his treatment of her was such as to render their living together insupportable; that he had taken possession of her home, compelling her, for her self-protection, to leave it; that he was not taking prudent care of said premises and they were becoming dilapidated and going to waste under his control; that he was interfering with the operation of her plantation, causing her tenants to move, and had taken therefrom certain live stock and agricultural implements. She prayed for citation, for writs of injunction and sequestration, and that she be restored to the possession of her separate property.
 

 On September 2,1924, defendant filed a motion for a bill of particulars (in effect an exception of vagueness), and on September SO, 1924, he moved to dissolve the writ of sequestration.
 

 On October 25, 1924, plaintiff, with leave of court, filed a supplemental and amended petition, wherein she set forth a number of specific charges of cruel treatment, and, after renewing the prayer of her original petition, asked, further, for a judgment of separation from bed and board. On November S, 1924, defendant moved to strike out the supplemental and amended petition. The motion was overruled, and defendant then filed his answers to both petitions. After a trial on
 
 *147
 
 the merits, judgment was rendered in favor of plaintiff as prayed for, and defendant appealed.
 

 The objections urged to the filing of the supplemental petition, are that it came too late, and that it changed the substance of the original demand.
 

 A petition may'be amended even after issue is joined, provided the amendment does not alter the substance of the demand. O. P. art. 419. The time of the allowance of the supplemental demand was within the sound discretion of the trial judge. Segari v. Mazzei, 116 La. 1026, 41 So. 245. This court will not revise the discretion thus exercised unless it be found manifestly erroneous. Tucker v. Liles, 4 La. 297. We do not find it to be so.' The filing of the amended petition did not retard the suit nor, as far as we are advised, has defendant suffered any injury thereby.
 

 The allegations of the original petition form a sufficient basis for a demand for a judgment of separation from bed and board. In the amended petition, filed'in,obedience -to the motion for a bill of particulars, these allegations- were amplified and the specific relief of such a judgment was-prayed for.
 

 It is important that the rights of litigants should be passed on promptly, with such delay only as is necessary to ascertain the facts in issue and the law applicable thereto. The--demands set forth in the petitions of plaintiff are related rather than unrelated •and ’ should be disposed of at one and the same time. It Would be a vain and useless formality to dismiss her supplemental petition when she would have the right to institute immediately an independent suit upon the same cause of action.
 

 This court has declared that amendments to' pleadings are reducible to no unbending rule. Each case must be left to the sound discretion of the court. They should always be permitted where they tend to the furtherance of justice and are not prejudicial to the other party. Meyer v. Farmer, 36 La. Ann. 785. We cannot say the judge a quo erred in permitting the amended petition to be filed.
 

 On the merits, this case was bitterly contested. Defendant • contended that plaintiff departed from the matrimonial domicile of her own accord and over his protest. He complained of her unreasonable and hostile attitude and action towards him. He denied her charges of cruel treatment and urged that he had only used such force as was necessary to restrain her from doing him bodily harm. However, he did not reconvene and simply asked for the dismissal of the suit, the effect of which would be to leave the matrimonial status undisturbed.
 

 Defendant charges that the trial judge erroneously admitted, over his objection, evidence of certain incidents occurring after the filing of the original suit. One of these incidents happened in the store of the Clawson Mercantile Company, at Bonita, when defendant caught hold of plaintiff, violently shook her, and threatened her with severe bodily harm. The evidence was properly admitted. It was corroborative of former acts of ill treatment which plaintiff alleged she had suffered at the hands of the defendant. The authorities cited against the ruling of the trial judge contain nothing in opposition to this view.
 

 The conflict in the testimony was resolved by the judge a quo in favor of plaintiff when he caused a decree to be entered in her behalf. We have painstakingly examined the voluminous transcript brought up to this court, and have carefully' weighed all the testimony adduced on the trial of the case. We have discovered nothing that would warrant us in disturbing the judgment of the court below.
 

 For the reasons assigned, the judgment appealed from is affirmed, at appellant’s cost.