No. ——

First Circuit

THOMAS CO. v. BATON ROUGE COAL & TOWING CO.

(December 6, 1927. Opinion and Decree.)

(Syllabus by the Editor)

1. Louisiana Digest—Sales—Par. 118, 129.

Where the vendor of lumber erroneously ships black-gum instead of the lumber ordered he is denied the right to collect for it and is charged with all expenses necessary to properly care for the lumber during pendency of suit.

2. Louisiana Digest—Pleading—Par. 80, 81, 82.

The petition of defendant demanding reimbursement for storage on lumber to a certain date can be consistently amended, in the furtherance of justice, at any stage of the proceedings, to allow storage for additional time necessary.

Appeal from the Parish of East Baton Rouge. Hon. Wm. Carruth Jones, Judge.

Action by C. H. A. Thomas Company against Baton Rouge Coal & Towing Co.

There was judgment for defendant and both plaintiff and defendant appealed.

Judgment amended and affirmed.

H. K. Strickland, of Baton Rouge, and M. C. Rownd, of Springfield, attorneys for plaintiff, appellant.

A. B. Aldrich, of Baton Rouge, attorney for defendant, appellee.

MOUTON, J. Plaintiff sued defendant on a balance of account of $1333.91, for lumber purchased by defendant, cash advanced and protest fees on dishonored drafts.

Defendant denied its liability for two cars of lumber charged on the account and also asked for a deduction thereon for freight, unloading, labor, demurrage and storage charges.

The district judge found that the account should be reduced by the sum of $1139.05, and rendered judgment against defendant for a balance of $194.86, from which both parties appeal.

The main contention revolves around the claim for two cars of lumber which was rejected by the court. These two cars were shipped by plaintiff company from its lumber yard in Springfield, La., to defendant's yard in Baton Rouge. It was bought from plaintiff through Charles Higgins, a representative of defendant. It appears from a preponderance of the evidence that, before it was shipped, the lumber was to be inspected by Higgins and Babin, the inspectors of defendant; and, in fact, the purchase was made subject to mutual inspection, which, it is explained, is a final inspection.

It is not reasonable to believe that defendant would have bought this lumber, unless he had the right to have it inspected before it was shipped, or after it was received at Baton Rouge.

It appears that before the lumber was shipped from Springfield that Higgins struck his knife in some pieces, looked at the pile, and gave it some sort of hasty examination. This was not the character of examination which was required for the shipment of lumber, and which had been observed for other cars shipped from the yard of the plaintiff at Springfield. When the two cars in question reached Baton Rouge, and before they were unloaded, it was discovered that they contained black gum, which defendant contends he never bought from plaintiff. It would serve no useful purpose to make an analysis of the facts by referring to them in detail, to show that, in fact, defendant had never contracted with plaintiff through Higgins, its agent, or otherwise, to purchase any black gum. The evidence sustains this contention of defendant, and is fully supported by the testimony of Werner, manager for defendant, and of other witnesses, who also testified that plaintiff, through its proper officers, had been notified by defendant that it refused to accept these two cars of lumber, which were, with the consent of plaintiff, left in the yard at Baton Rouge to be disposed of to the best advantage for plaintiff, and from where they had not yet been removed at the time of the trial. The item for this lumber was therefore correctly denied by the court, and was properly credited on the account of the plaintiff. The account was also credited for freight and demurrage on these two cars, which the proof shows defendant company had paid, on the amount recognized by the court; that it had also paid for unloading, inspecting and piling lumber in these cars, for labor furnished plaintiff in 1925, and for storage of these cars for four months, from January 23, 1926, to May 23, 1926. Obviously, these were legitimate charges and which were chargeable to plaintiff, as the lumber in these cars had not been bought by defendant, and was the property of the plaintiff company, which, either through negligence, error or other causes, brought on a situation requiring these expenditures.

It is also shown that the cash plaintiff advanced Higgins was without the consent or authority of defendant and which was also credited on the account, the deduction of that item not being disputed, as we understand, by counsel for plaintiff. We approve the finding of the court in its deduction of the account to the sum of $194.08 for which it rendered judgment for plaintiff.

In its original answer defendant claimed storage in the sum of $10.91 monthly from January 23, 1926, to May 23, 1926, being evidently under the impression, when this answer was filed, that the case would be tried at or about that time or soon thereafter. The case was gone into, and was then postponed to November 30, 1926, when

its trial was resumed. On that date defendant filed an amended answer in which it asked for storage from May 23, 1926, the date at which it had limited its storage claim in the first answer, until such time as the case might finally be disposed of. The district court refused to allow the amendment, and ordered it stricken out. In this court defendant is asking to have its rights reserved to claim this additional amount of storage. Counsel for plaintiff assimilates this prayer for reservation to a special plea, which, he contends, can not be filed in this court. It is not of the nature of a plea as characterized by counsel. This demand for an additional amount was not in substance or nature different from, nor was it contrary or inconsistent with the original claim made in the first answer, for storage to the time therein stated. Such amendments have often been allowed during the trial of the case or at any stage of the proceedings in furtherance of justice. Debuys vs. Mollere, 2 M. N. S. 625; Tucker vs. Liles, 4 La. 297; Sevin & Gourdain vs. Caillouet, 30 La. Ann. 528. There is no complaint lodged here because of the refusal of the amendment, and we are not referring thereto with any view of passing over this question. The reference is made to it in support of our conclusion that, under the situation disclosed by the record, the appellate court, in furtherance of justice, has the authority to make the reservation prayed for. The right is therefore reserved defendant to claim such rights as it may have for the additional amount for storage urged in its amended answer. With this reservation the judgment appealed from is affirmed with costs.