## No. 4541.

### CARROLL, HOY & CO. *v.* ELIZA SEIP AND PETER ANDERSON.

here it was contended that two judgments were not properly revived, only one petition for revival thereof being filed, and in one judgment the revival of said judgments being decreed;

Held—That the prescription of the judgments was properly interrupted, because citation was served personally within ten years. Whether the application was made in one petition or in two is immaterial. The decree of revival for both judgments was rendered contradictorily with the defendant, who was personally cited within ten years. There is no law requiring this decree arresting prescription to be registered.

A judicial mortgage, like any other, must be reinscribed within ten years from the first inscription in order to preserve the rank acquired by said inscription.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn, J. R. A. Hunter* and *R. J. Bowman,* for plaintiffs and appellants. *Manning,* for defendants and appellees.

WYLY, J. On April 4, 1857, A. and J. Dennistoun & Co. obtained two judgments for large amounts against the defendant, Eliza Seip, and they were duly recorded on the ninth of the same month. The records of the parish being destroyed, these judgments were again put on record in December 1865. A. and J. Dennistoun & Co. filed their petition to revive their judgments, and citation was served personally on the thirteenth March, 1867, within ten years from the rendition of said judgments.

On twenty-ninth May judgment of revival was rendered, and it was recorded two days thererafter. On this judgment execution issued, and the defendant, Peter Anderson, for $8000 purchased the property now sought to be subjected to the conventional mortgage granted by Mrs. Seip to the plaintiffs on the second March, 1861.

The plaintiffs allege that their mortgage is superior in rank to the one under which Peter Anderson purchased:

*First*—Because the judgments of A. and J. Dennistoun & Co. were not properly revived, only one petition for revival thereof being filed, and in one judgment the revival of said judgments being decreed.

*Second*—Because the judicial mortgages which arose from the inscription of the two judgments rendered in 1857, were separate and distinct mortgages, and the pretended judgment of revival was not a continuance thereof.

*Third*—Because the judgment of revival, if valid, was not rendered and recorded within ten years from the rendition of said judgments.

*Fourth*—Because after ten years from the date of said judgments, to wit, April 4, 1857, their inscription unaccompanied by the inscription of the judgments of revival was no longer evidence of their existence, and consequently no notice.

In answer to the first proposition we will remark that the prescription of the judgments was properly interrupted, because citation was

served personally within ten years. This meets the requirements of the law.

Whether the application was made in one petition or in two is immaterial. The application was distinctly made for the revival of both judgments, and the decree to that effect was rendered contradictorily with the defendant who was personally cited within ten years.

In reply to the second and third points we will say: The decree of revival interrupted the prescription of the judgments, and we know of no law requiring the decree arresting prescription to be registered.

In answer to the fourth point we will remark that a judicial mortgage, like any other, must be reinscribed within ten years from the first inscription, in order to preserve the rank acquired by said inscription. It appears that A. and J. Dennistoun & Co. registered their judgments on ninth April, 1857, and also in December 1865. The judicial mortgages of A. and J. Dennistoun & Co. had not perempted when the sale occurred, and the sale to Peter Anderson was valid because made under judgments superior in rank to the mortgage set up by the plaintiffs. As the proceeds were insufficient to pay A. and J. Dennistoun & Co., the prior mortgage in favor of the plaintiffs ceased to exist on the property from the day of the sale.

There are other questions, but as the question of superiority of mortgage is the only one in which the plaintiffs have an interest, they will not be noticed.

Judgment affirmed.

Rehearing refused.