### No. 305.

### M. C. BONNER AND M. A. BONNER VS. J. H. BEARD.

A defendant having availed himself of a written compromise, signed only by one of the parties to the suit, and having had the suit dismissed, in which certain rights were reserved to the party who signed, is as bound as if he had signed the writing.

The transferrees' claim being subject to any of the equities which the debtor may have against the transferror, the debtor is without interest to inquire into the transfer.

The transferrors being estopped from claiming ownership of the claim transferred, the debtor can safely pay to the transferree, and is without right to have the transfer declared a nullity.

The validity or consideration of the transfer, or the want of consideration, is of no concern to him, unless he can show injury.

The claim is not a litigous right, although a suit may be necessary for its recovery.

APPEAL from the First District Court, Parish of Caddo.
*Taylor, J.*

*Land & Land* and *Young & Thatcher* for Plaintiffs and Appellants:

One who, when sued, has availed himself of a written compromise signed only, plaintiff, by procuring a judgment thereon in his favor, is as much bound by the written compromise as if he had signed the same. 2 H. 1002, No. 1ᶜ; 2 An. 254; 32 An. 314; 11 M., Bradford vs. Brown; 2 H. 1011, Nos. 1, 2, 3, 4, 5, 7, 9, 10, 11.

The fact that a suit may be necessary to enforce a claim does not make the claim ˙˙˙s right. 2 An. 62 and 79; 3 An. 553; 6 An. 238; 12 An. 645; 13 An. 529; 30

t or debt is valid, as against the debtor, even though not u of a notarial act. 12 M.¹ (O. S.) 702; 8 R. 259; 5 R. 275; 2 n. 227.

ᵤn not, when sued by the transferree of that debt, inquire consideration of the transfer of the debt to the transferree

by the transferror, unless he can show that he has been injured thereby. 5 R. 275; 10 An. 623; 35 An. 384; 38 An. 101; 41 An. 1

An agreement to furnish a comfortable home includes maintenance as well as lodging. Am. and Eng. Enc. of Law, Vol. 9, p. 420, and same, Vol. 3, p. 314.

Interest should be allowed on all debts from the day they are due. C. C., Art. 1938.

*Alexander & Blanchard* and *Bell & Randolph* for Defendants and Appellees:

A price is essential to the contract of sale. C. C. 1764, 2439; H. D., p. 1326; Louque's Digest, p. 625; 5 An. 433; 24 An. 85.

A donation is void unless passed before a notary public and two witnesses. C. C 1536; II. D., p. 448.

The transferree of a litigous right can recover only the real prices of the transfer. C. C. 2652.

Litigous rights are those which can not be exercised without undergoing a lawsuit. C. C. 3556, No. 18; 33 An. 1133; 13 An. 535.

The opinion of the court was delivered by

BREAUX, J. Plaintiffs sue to recover the balance due on an annuity the defendant owed to his mother, at the rate of five hundred dollars *per annum*.

Mrs. M. C. Bonner sues to recover a fifth interest in this claim by right of inheritance from her mother, and her husband sues as transferree by purchase from three co-heirs of his wife.

The fifth heir is the defendant, who filed a general denial, and in addition specially denied that the alleged transferree is the owner of any part of the claim, and in the alternative alleges that, if he is the owner, he is the transferree of a litigious right.

The defendant further answers that should it be found that the agreement with his mother was as alleged by the plaintiffs, he should have credit for the amount of his mother's board, medical attention and other services, as shown by his account.

In November, 1889, the mother, Mrs. Beaird, instituted suit against her son, J. H. Beaird, to recover a large amount due by him.

This suit was compromised, one of the conditions of the compromise, on the part of the mother, was that defendant should pay her the sum of $500 *per annum* during her life. The judgment, in the suit compromised, reserved to the plaintiff the right to demand the annuity of the defendant.

The right was recognized by the reservation, but was not made executory.

The defendant takes issue with plaintiffs, with reference to his agreement, and contends that the consideration was to support his mother as long as she continued to live with him, and should she reside elsewhere he was to pay the $500 a year to cover the costs of her maintenance.

The relinquishment made was not unqualified, but specially stipulated a price to be paid annually, as it reads in the reservation incorporated in the judgment. The understanding and agreement, such as now contended for by the defendant, is not sustained by any expression in the judgment.

The defendant procured a writing signed by his mother, agreeing to the dismissal of the suit; acknowledging payment of certain demands for the consideration of an annuity.

At his instance, the writing authorizing this judgment was filed in evidence on December 20, 1880, and judgment was entered in his favor.

He paid the fee of the attorney for his mother, and availed himself of the expressions in his favor.

The mother died March 28, 1889, and at the date of her death defendant owed thirty-six hundred and twenty-five dollars ($3625); less certain credit, one-fifth of this amount due belongs to the defendant as heir of his deceased mother.

The defendant questions the validity of the transfer of the claim and denies that one of the plaintiffs is the owner of the interest sued for by him.

The evidence discloses that there was a written transfer, by three of the heirs, made to one of the plaintiffs of all their title and interest to this claim; that the price was not fixed in dollars and cents.

There was no intention expressed to donate the claim and to formally place the transferee in charge of the claim as donee.

The transfer appears to have been absolute.

All the transferrers testify in the case and state that the claim was transferred.

Two of these witnesses state the consideration (although undefined as to the amount) as an indebtedness they desired to satisfy.

The objection is interposed that the transfer, being without price, was not a sale.

That as a donation it was null, as it was not passed before a notary and two witnesses, as required by Article 1536 of the R. C. C.

In business transactions no particular form and specific instrument are required in the transfer or assignment of a debt.

The assignment or transfer need not be in writing.

It has been decided that the judgment debtor will not be heard in charging the nullity and simulation of the transfer by the original creditor, unless he shows not only that there was fraud between the contracting parties, but that he was injured thereby.

Unless the debtor has equities which could be pleaded against the original creditor, he is without interest to inquire into the transfer.

There is an unbroken line of authorities maintaining these propositions. Gray vs. Trofton, 12 M. O. S. 703; Suc. of Delassige, 5 R. 529. Long vs. Klein, 35 An. 384; Stockmeyer vs. Oertling, 38 An. 101.

The transferee of the claim holds the rights of the transferrers, and is subject to the defence which the debtor may have against the latter.

In the case of Keane vs. Goldsmith, 14 An. 349, there was no written evidence of any transfer, and the parol testimony on this subject was somewhat contradictory as to the nature of the transfer. "A part of the testimony goes to show that the obligation was transferred upon conditions or events which have never happened."

" The transferrer's knowledge and acquiescence precluded him from gainsaying the validity of plaintiff's title, and a payment by the debtor to the transferee was held valid, and as an absolute protection against any pursuit upon the obligation in controversy."

The witnesses testify that a transfer was made. They are estopped from denying the ownership, and the defendant can not be injured by the transfer.

We will not decide that the transfer was absolutely gratuitous, it not appearing that a donation was intended. All the parties to the transfer are estopped from denying the ownership.

The appellee contends that the demands of appellant, M. A. Bonner, must fail, for the reason that he is the transferee of a litigious right.

At the time the claim was transferred the probabilities were that the defendant would refuse to pay it, but it does not appear that the transferee was aware of an obstinate determination on the part of the debtor to deny the justice of the claim, and to compel the owner to bring suit for its recovery.

The authority of McDougall vs. Monlezun, 38 An. 223, a well

considered decision on the subject, is not favorable to defendant's position.

Counsel admit that their defence can not prevail, unless that decision be overruled.

Article 2653 R. C. C. in terms defines a litigious right.

As was held in the quoted case, we discover no reason to supplement this definition given in Article 2653 C. C. by reference to that contained in Article 3556 of R. C. C.

If we were to accept the last definition of litigous rights, that in Article 3556 C. C., " being those which can not be *exercised without undergoing a law suit,*" the defendant has not brought this claim within its meaning, for it is not proven that plaintiff was aware of his determination to undergo a law suit.

Defendant's account contains various items for board, washing, servants' hire, nursing, clothing and medical bills, from December 21, 1881 to March 28, 1889.

Of the amount, the learned judge of the district court has allowed $1934 as a credit.

If the credit is allowed at all by the court, the plaintiffs admit the correctness of this amount, except the allowance of twenty dollars per month for board and lodging.

The board, they contend, should not be more than ten dollars per month and nothing for nursing.

Considering that the mother was sick a great part of the time, required care and attention, we readily accept the amount fixed as reasonable.

The defendant contends that a larger amount should be allowed; he says that he has furnished needed tonic and clothing.

The District Judge's statement, with reference to said credits, impresses us as being correct, and we therefore accept his figures and the correctness of his views respecting them, as expressed in his elaborate opinion.

The plaintiffs contend that there is error in allowing legal rate of interest from judicial demand; that it should be allowed in the respective amounts at the end of each year of the annuity.

There was mutual indebtedness, and not the least demand had been made prior to suit.

No interest is allowed on the claim prior to judicial demand, and none to the defendant.

It is therefore ordered, adjudged and decreed that the judgment of the court *a qua*, in favor of the plaintiff, Mary C. Bonner, wife of M. A. Bonner, for the sum of $338.20, with legal interest from judicial demand, be affirmed, and that the judgment appealed from be reversed in all other respects.

It is ordered, adjudged and decreed that plaintiff, M. A. Bonner, recover judgment against the defendant for the sum of $1014.60, with 5 per cent. interest from judicial demand, and that appellee pay the costs of appeal.