(42 South. 976.)

No. 16,278.

ARKANSAS SOUTHERN R. CO. et al. v. WILSON, Tax Collector, et al.

(Jan. 7, 1907. Rehearing Denied Feb. 4, 1907.)

1. MANDAMUS — CORPORATION AS RELATOR — AFFIDAVIT BY ATTORNEY.

The fact that one of the relators in a petition for mandamus is a resident corporation is no obstacle to the required affidavit being made by the attorney, where the other relators, who are the real parties in interest, are absentees.

2. SAME—PLEADING—PETITION.

The petition for a mandamus to enforce the levy of a tax that has been voted in aid of a railroad enterprise need not recite every detail of the proceedings by which the election was held. All it need do is to give the requisite particulars for serving as a basis for the mandamus, as that on such a day the authorities of the defendant town held an election to take the sense of the taxpayers of the town touching the imposition of a tax of so many mills for so many years in aid of the construction of the plaintiff railroad, and that the result of the election was duly ascertained and proclaimed by the authorities of the town, and was favorable to the tax, and that the railroad has been duly completed according to agreement, and the tax earned.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Mandamus, §§ 296–298.]

3. TOWNS—TAX IN AID OF RAILROAD—ELECTION—ESTOPPEL.

A town is in no position to contest the regularity of an election held by itself for voting a tax in aid of a railroad enterprise, especially after the tax has been earned by the completion of the proposed railroad.

4. SAME—ACTION BY TAXPAYERS.

The action of taxpayers to contest an election held for voting a tax in aid of a railroad enterprise is prescribed by three months.

5. RAILROADS — PUBLIC AID — PROCEEDS OF TAX—ASSIGNMENT BY RAILROAD.

The assignment by the railroad company to private individuals of the right to the avails of such a tax will not operate an abandonment of the tax, where the right to assign the tax has been unconditionally granted to the railroad. A private individual may be the beneficiary of such a tax as well as a corporation, where he becomes so by assignment; and it is no concern of the town, or of the taxpayers, whether such assignment has been with or without consideration.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Railroads, § 87.]

6. TOWNS—TAX IN AID OF RAILROAD—CONSTRUCTION.

A tax voted in the following terms, to quote the language of the ballot used at the election: "For a special tax of five mills on the dollar of all assessed property within the corporation limits of the town of Ruston for ten years, in aid," etc.—could not possibly mean anything else than that the town should each year for 10 consecutive years levy and collect, and pay over to the beneficiary, a tax of five mills on the assessment of the town for each of the 10 years; and especially will that construction be enforced where it was the one adopted by the authorities of the town and acted on for the four consecutive years following the election, without demur from any quarter. In such a case there is no room for the contention that what was voted was not a tax at such a rate on the assessment of the town for each of the consecutive years, but an amount of money equal to the avails of the tax for the first year multiplied by 10, or that the tax was intended to be imposed only on the property which was in the town at the date of the election, and at its then valuation, and not on the same property at its increased valuation from year to year, or on any property brought into the town, or there coming into existence, subsequent to the election.

7. SAME.

Whatever representations may have been made by way of electioneering arguments for inducing the voting of the tax cannot be invoked for placing upon the tax a different interpretation from that expressed in the ballot and other proceedings by which it was voted.

(Syllabus by the Court.)

Appeal from Fourth District Court, Parish of Lincoln; Robert Brooks Dawkins, Judge.

Action by the Arkansas Southern Railroad

Company and others against J. H. Wilson, tax collector, and others. Judgment for plaintiff, and defendants appeal. Affirmed.

James Samuel Atkinson and John B. Holstead, for appellants. Andrew Augustus Gunby, for appellees.

PROVOSTY, J. The taxpayers of the parish of Lincoln and of the town of Ruston voted a five-mill tax for 10 years in aid of the construction of a railroad from Eldorado, Ark., to and through Ruston. One of the taxpayers of the town enjoined the town tax on the ground that with another similar tax previously voted it exceeded the allowed limit of taxation. The complaint was held not to be well founded, and the tax was sustained. Railroad Co. v. Tax Col., 108 La. 442, 32 South. 404. Apart from this, not a sign of objection was made by any one to the levy and collection of the tax, and it was levied and collected both by the parish and the town in the years 1901, 1902, 1903, and 1904. Said levies and collections were based on the assessments of those years. In 1905, however, both the parish and the town refused to levy the tax, and mandamus suits were brought against them to compel them to do so. The suit against the parish was recently decided by this court favorably to plaintiff (State ex rel. v. Knowles et al., 41 South. 439[1]), and the mandamus made peremptory. The instant suit is that against the town, and we have reached in it the same conclusion as in that against the parish.

The original beneficiary of the tax was the Alexandria, Junction City & Shreveport Railroad Company, but with express grant of the right of assignment; and it assigned the tax to the Arkansas Southern Railroad Company, and the latter company, in payment of a debt of $80,000, has, in turn, assigned it to the present relators, 10 in number, who are private individuals, and nonresidents. We may mention, in passing, that the railroad

was completed and the tax earned by the Arkansas Southern Railroad Company to the perfect satisfaction of everybody, and that the coming of the railroad has admittedly proved of incalculable benefit to the parish and town.

The first defense is that the petition is not sworn to as required by law; the affidavit having been made by the attorney, who would have had authority in the premises only if his client had been absent, and the relator, the Arkansas Southern Railroad Company, could not be absent, since it is a corporation having its domicile in Ruston, where the suit has been brought. The reply is that the said company is merely a nominal party to the suit. The real parties in interest are the assignees, who, being nonresidents, could be represented by their attorney in the making of the affidavit.

The next defense is that the petition shows no cause of action, because "it does not show specifically that all the requirements of the law were complied with in the imposition of the tax."

The petition appears to us to be amply full and sufficient. The part relating to the voting and levying of the tax is as follows:

"Represent that the town of Ruston, a municipal corporation, situated in said parish and state, held a special election on the 25th day of April, 1899, to take the sense of the property taxpayers of said town as to the levy and collection of a five-mill tax per annum for 10 years on all the taxable property of said town, in aid of the Alexandria, Junction City & Shreveport Railroad Company, in consideration and on the condition of said company's constructing a railroad from Eldorado, Ark., to and through the town of Ruston.

"Aver that said election was held pursuant to law, after a petition signed by more than a majority of the taxpayers of said town had been presented to the town council asking that such an election be held, and the adoption of a legal ordinance ordering said election, which was advertised and held in all respects according to law. Aver that said election resulted in favor of said five-mill tax for the term of 10 years by an overwhelming majority in number and amount; there being only three votes recorded against said tax.

"Aver that the result of said special election was duly canvassed by the mayor and the town

council of Ruston on the 10th day of May, 1899, and the result declared and promulgated to be in favor of said five-mill tax for the term of 10 years; and the said tax levied and ordered to be collected by Ordinance 98, adopted by said town council of said date, designating that the assessment and collection of said tax should begin as soon as said railroad should be completed to the town of Ruston.

"Aver that the Alexandria, Junction City & Shreveport Railroad Company transferred and assigned said special tax to the Arkansas Southern Railroad Company, which constructed and completed said railroad to the town of Ruston in December, 1899, and faithfully and entirely discharged all its duties and obligations under the contract with the town of Ruston."

This petition gives all the particulars required for serving as a basis for a mandamus, and that is sufficient. Every detail of the proceedings by which the election was held need not be stated.

The next defense is an attack upon the regularity of the proceedings by which the tax was voted and levied. The grounds are, first, that the petition of the taxpayers asking that an election be held to vote the tax was not signed by the requisite number of taxpayers; second, that throughout the proceedings by which the tax was voted and levied the rate of the tax was mentioned, instead of the amount of money to be realized from it, although the law under which the proceedings were had (Act No. 35, p. 44, of 1886, and Act No. 153, p. 191, of 1894) requires that the amount of money to be realized by the tax be mentioned, and not the rate of the tax.

It suffices to say on this head that the town cannot, for the purpose of getting out of its contract with the builders of the railroad, impugn the election held and proceedings carried on by itself and for which it is itself responsible; and that, moreover, both on its part and on the part of the intervening taxpayers the attempted repudiation of the tax, after the railroad has been constructed and the benefits of it reaped, comes entirely too late; and, finally, that the action to contest an election such as the one in question must be brought within three months after the promulgation of the result of the election, and it is now more than three years since the result of the said election was promulgated. Guillory v. Railroad Co., 104 La. 11, 28 South. 899.

The remaining defenses may be taken up together. They are, first, that the assignment of the tax by the Arkansas Southern Railroad Company to the present relators was without consideration; second, that none but a corporation can be the beneficiary of such a tax, and that consequently the assignment of the tax to the relators, who are mere private individuals, has operated an abandonment of it; third, that what was voted to the railroad was not a tax of so many mills to be levied annually for so many years, but a sum of money equal to the avails of the tax for the first year multiplied by 10, and that this amount was $12,215.25, and has been already overpaid by the tax levied and collected and paid to the railroad in the years 1901, 1902, 1903, and 1904, amounting to $13,012.27; fourth, that, at all events, the tax was voted only on the property which was in the town at the date of the election, and on the then valuation of said property, and not on said property at its increased value, and surely not on any property that has come into the town since then; fifth and last, the interveners make a separate defense in these words:

"The electioneering agents of the Arkansas Southern Railroad Company in general, and C. C. Henderson, general manager of said company in particular, represented to the taxpayers of Ruston and to the people generally prior to the election in question that to vote the tax would not cost the taxpayers anything, that the enhanced values of their property resulting from the road would more than pay the taxes back, and that the bringing in of new taxes by immigrants to the town would minimize the tax to almost nothing."

Proceeding to consider these contentions in regular order, we will say, first, that it is no concern of the town and interveners whether the assignment by the railroad to the relators was with or without considera-

tion; second, no reason is suggested and we can think of none why individuals could not be the beneficiaries of the tax by assignment where the right of assignment has been unconditionally granted to the railroad; and, we may add, that the railroad having fulfilled its contract, and thereby earned the tax, it is no concern of the town and interveners what it does with it; third and fourth, that the taxpayers voted, to use the language of their ballot, "for a special tax of five mills on the dollar of all assessed property within the corporate limits of the town of Ruston, for ten years, in aid," etc., without even hinting at the restriction now contended for, and that the language of said ballot can mean nothing else than that the tax should be levied from year to year for 10 consecutive years on the assessments of the town as they may happen to be, whether increasing or diminishing; and, we can add, that nobody has thought differently in all the years up to now, and that, if originally there could have been any room for doubt in the matter, same has been effectually removed by a unanimous contemporaneous interpretation now acted on for several years; fifth and last, it is worse than idle to be at this late date recalling the pre-election talk of the "electioneering agents" of the railroad. What has to be considered is the will of the taxpayers as expressed in their ballot, and not anybody's electioneering arguments.

Judgment affirmed.