PROVOSTV, J.
Plaintiff seeks to obtain a personal judgment against Oscar Lemoine, and to cause to be set aside a dation en paiement made by him to the codefendant, his wife, in satisfaction of her paraphernal claims. The property in question consists of several, tracts of land, a stock of merchandise in a country store, and the open accounts due the store by its customers..
The dation en paiement is assailed on the grounds:
(1) That no delivery was made of the open accounts; the debtors on them not having been notified of the transfer.
(2) That the dation en paiement was made in violation of Act 94 of 1896, p. 137, prohibiting the sale in block of goods unpaid for by the vendor, and making such sale prima facie fraudulent.
(3) That only a part of the debt in purported satisfaction of which the transfer was made was really due the wife, and that *385 the property transferred was greatly underestimated, its real value being very largely in excess of the debt really due.
At the time of the filing of the original petition in the suit, the plaintiff company was not owner of the entire claim sued on, but only of a small part of it, the greater part being owned by A. Lehman & Co., in liquidation, to whose business plaintiff was the successor. A. Lehman & Co. had never transferred their claim to plaintiff. After the original petition had been filed, and after citation, but before any appearance had been made by either of the defendants, a transfer of. the claim was duly made to plaintiff, and a supplemental petition was filed, alleging the transfer. Defendants excepted to the supplemental petition, on the ground of misjoinder of parties plaintiff, and on the further ground that “the pretended acquisition of the right of action occurred subsequent to the institution of the present suit.” The exception was overruled.
The answer consists of a general denial, and, of course, of the contradiction of the grounds of nullity alleged by plaintiff.
Both the District Court and the Court of Appeal decided against plaintiff; and the case is now before this court on writ of review to the Court of Appeal.
[1,2] Defendants continue to rely upon the overruled exception; but, they not having either appealed or filed an answer to the appeal, no amendment of the judgment can be made in their favor. Louque, Digest, p. 53, No. 10; Breaux’s Digest, p. 49, Nos. 7 and 17. Moreover, the exception is without merit, since, until the defendant has appeared, there is nothing to prevent the filing of as many supplemental petitions as the plaintiff may wish to file.
[3] Taking up the grounds of nullity, we find that the debtors on the open accounts were never notified of the transfer. The learned judge of the trial court says the notice was given; but we have scanned the record in vain to find any evidence of that fact. Without delivery there is no giving in payment, even as between the parties. C. C. art. 2656. As between the parties, delivery of an incorporeal right may be effected by “the giving of the title.” C. C. art. 2642. By “title” is here meant the material evidence, writing or other, of the incorporeal right, such as could serve as evidence of the right in a court of justice. The books of a merchant are not evidence in his favor, and still less is a copy of the books; therefore an open account cannot be said to be evidenced by such a “title” as could serve for the purpose of delivery. But if it were otherwise, and delivery of an open account could be effected as between the parties by the giving of the books, or of a copy of the books, of the transferror, there would still have been no delivery, even as between the parties, in the present case, since there is no evidence of the books, or of copies from them, having been given to the wife.
We must therefore hold that as to these open accounts, aggregating $1,254.10, the dation en paiement is null.
[4] The second ground of nullity, based on the supposed violation of Act 94 of 1896, prohibiting the sale in block of a stock of goods unpaid for by the vendor, is met by the decision of this court in the case of Compton v. Dietlein & Jacobs, 118 La. 360, 42 South. 964, 12 L. R. A. (N. S.) 174, holding that the said act does not apply to a dation en- paiement by husband to wife in satisfaction of paraphernal claims.
That decision recognizes, however, that such a dation en paiement cannot defeat the vendor’s privilege.
[5] The learned trial judge found that plaintiff failed to identify any of the goods for the purchase price of which the debt sued on was due, and therefore failed to prove the existence of a vendor’s privilege; *387 and the Court of Appeal affirmed his judgment. The evidence impresses us differently. The salesman of plaintiff, who had sold the goods and knew them, stood at the elbow of the notary while the inventory of the stock of goods in question was being made, and, as each separate piece of goods was being examined and appraised by the experts and inventoried by the notary, identified those that were unpaid for, for the purchase price of which the debt sued on was in part due, and the notary made a separate list of the identified goods. So far as concerns the testimony of the husband on this point, it has to be totally disregarded; he not having been a competent witness for or against his wife. As to the identified goods, the dation en paiement must be annulled as against the plaintiffs. They are described in the notary’s return, and valued at $689.27.
On the question of the value of the property given in payment, we find no sufficient reason to differ with the conclusion reached by the two courts that have already had the case under consideration, although we are free to admit that as an original proposition we might perhaps have thought differently.
We agree, also, with the lower court with respect to the amount due the wife by the husband, except in one particular. The debt was in part for Mrs. Lemoine’s share in the price of the sale of a plantation. She owned in severalty 16 acres of the land composing this plantation and a half interest, undivided, in the remainder. The other undivided half was owned by Mr. Lemoine, or by the community of acquets and gains existing between him and Mrs. Lemoine. He sold the plantation for $5,500 and kept the entire amount. He, or the community of acquets and gains, had expended $700 in improvements upon the property and by this the value of the property had been materially increased. Later the discovery was made that there was a shortage of four or five acres in the 16-acre tract; and for that deficiency the purchaser' claimed a reduction of $400, and it was allowed him. In computing the indebtedness of Mr. Lemoine to his wife, for the purpose of the dation en paiement, a credit of $4,500 was allowed her for her interest in the price of this sale. How that result was arrived at is not explained. If the value of the 16 acres which the wife thus owned in severalty is fixed at $50 per acre, and the increased value is fixed at the full amount of the expenses ($700), and these two amounts, which form no part of the price of the plantation proper, are deducted from the $5,500, we have $4,000, as representing the price of that part of the plantation owned in indivisión, considered separately from the 16 acres and the improvements. The wife was entitled to one-half of this, or $2,000, plus the price of the land owned in severalty, say $800, less the $400, returned to the purchaser.
[6] Judging from the fact that a deduction of $400 was allowed the purchaser of the plantation for deficiency of 4 to 5 acres in the 16 acres, we should say that the 16 acres were worth more than $50 per acre; and the evidence shows that the increased value resulting from the $700 of expenses in improvements was less than $700; hence our adoption of these figures is merely for argument, as making no difference in the result, and sparing us the trouble of ascertaining from the evidence what the exact figures should be. The lower court took the view that the amount due by the wife to the husband, or to the community of acquits and gains, for the increased value resulting from the improvements put upon the plantation by the husband was a matter which could not be considered in the present suit, but could come up only on final settlement of the affairs of the community. We think differently. True the improvements had become inseparably incorporated in the property— lost in it, as it were — and the wife had therefore become absolute owner of them for *389 one-half; and true, also, her indebtedness for one-half of the increased value resulting from these improvements was an unliquidated debt, and therefore not compensable with the liquidated debts due her by her husband for her interest in the property sold; and, true again, it was not possible for the spouses to liquidate, or fix definitively the amount of this debt by agreement, husband and wife not being allowed to contract with each other, except as specially authorized by law. All this is true; but it is also true that the husband is allowed to make a dation en paiement to his wife, to the prejudice of his other creditors, only to the extent that he is really indebted to her, and that therefore, if Mr. Lemoine was not really indebted to Mrs. Lemoine for that part of the price of the sale of this property which represented the increased value which had resulted from his own expenses upon it, that part of this purchase price could not legally serve as a consideration for a dation en paiement between them. The legal situation will be illustrated if, simply for a more striking effect, we invert, in the present case, the relative values of the property with and without the improvements, and say that without them it was worth $100, and with them $10,000, so that Mr. Lemoine would have been owing his wife only $50 for her interest in the property. Would it be said that, owing her only $50, he could transfer to her $5,000 of his own property, and his other creditors have no ground for complaint? Our view of the matter is that, while he and his wife could not make a final settlement during the existence of the marriage and of the community, yet, at the same time, he could not make her a dation en paiement, unless he was actually indebted to her; and that therefore whatever dation en paiement he made to her was subject to scrutiny by the courts at the suit of his other creditors, as is now being done in this case, and could be maintained only in so far as there was an actual indebtedness.
The conclusion thus reached, however, makes no difference in the case, since, after all allowances have been made for this increased value, Mr. Lemoine still remains largely indebted to his wife. The debt of the husband, as fixed in the dation en paiement, was $6,684.50. The property given in payment was fixed in the act at $5,259.20. Therefore the dation en paiement left the husband still indebted to the wife in the sum of $1,425.30. That was the balance due the wife after the debt due her had been reduced by the transfer to her of the open accounts. That balance must now, therefore, be increased by the amount of those open accounts, since we have held the dation en paiement to have been null as to those open accounts for want of delivery. The price fixed on the open accounts in the dation en paiement was $1,254.10. Adding this $1,254.10 to the $1,425.30, we have $2,-679.40, as the balance due the wife. And if, adopting the figures most favorable to the plaintiff, as we have done hereinabove, we allowed the wife a credit of only $2,400, instead of $4,500, for her interest in the plantation, the dation en paiement would leave Mr. Lemoine still indebted to his wife in the sum of $579.40.
And that amount would have to be increased by the amount of the goods identified by plaintiff, as to which, also, the dation en paiement is set aside.
Werthermier-Schwartz Shoe Company, another creditor of the defendant Lemoine, intervened in the case, joining plaintiff. In favor of this creditor, also, the dation en paiement must be set aside, in so far as the open accounts are concerned.
It is therefore ordered, adjudged, and decreed that the judgment of the District Court and of the Court of Appeal be set aside, and it is now ordered, adjudged, and decreed that the dation en paiement made by Oscar Lemoine to Mrs. Mamie C. Yoorhies, *391 his wife, on October 7, 1908, be set aside as to the open accounts therein transferred, in so far as the rights of the plaintiff and of the intervener in this suit are concerned, and that said dation en paiement be 'set aside as to those of the goods therein transferred which were indentified by the plaintiff herein, amounting to $689.27, whereof a list is attached to and forms part of the inventory made by E. A. Plauché, notary public, on December 11, 1908, in so far as the rights of the plaintiff in this suit are concerned, and that in all other respects the suit of the plaintiff and the intervention herein be dismissed. That the defendants pay all costs.
■SOMMERVILLE, X, takes no part herein.