(89 South. 886)

No. 24668.

PORTEAU v. GLUCK.

In re GLUCK.

(Oct. 14, 1921.)

*(Syllabus by Editorial Staff.)*

Mandamus ⬡154(9)—Requirement of personal verification not rescinded by statute relating to ordinary proceedings.

Code Prac. art. 840, requiring a petitioner for writ of mandamus to make oath to the truth of his petition, was not repealed by the provision of Act No. 300 of 1914, which regulated pleadings in ordinary proceedings, and which permitted the petition to be verified by the attorney of a party, so that a petition for mandamus verified only by petitioner's attorney was properly dismissed.

Petition by Solomon Gluck against Alex Porteau for writ of mandamus to compel the justice of the peace to grant an order of appeal in an action by Alex Porteau against Solomon Gluck. The district court dismissed the petition for mandamus, and petitioner brings certiorari. Relief denied.

J. F. Phillips, of Shreveport, for applicant.

O'NIELL, J. The question presented in this case is whether the requirement of article 840 of the Code of Practice, that a petitioner for a writ of mandamus shall make oath to the truth of the allegations contained in his petition, was repealed by the general provision of Act 300 of 1914 (page 613) that a petition or answer in a suit may be verified by the attorney of the party or parties in all cases.

The petitioner in this case was defendant in a suit for eviction in a court of a justice of the peace. Judgment was rendered against him. He prayed for an order of appeal to the district court, which order was refused by the justice of the peace, for reasons which are not explained and are said to be not important or relevant to the question now at issue. Defendant then filed a petition in the district court for a writ of mandamus to compel the justice of the peace to grant the order of appeal. The district judge issued an alternative writ of mandamus, or rule directing the justice of the peace to show cause why the order of appeal should not be granted. The plaintiff in the original suit moved to dismiss the petition for mandamus, on the ground that the affidavit or oath was made by the attorney for the petitioner for mandamus, not by the petitioner himself, as required by article 840 of the Code of Practice. The district judge sustained the motion. The case is before us on a writ of certiorari issued at the instance of the defendant in the original suit, plaintiff in the petition for mandamus.

The affidavit annexed to the petition for mandamus is in these words:

"J. F. Phillips, being sworn, says that he is the attorney for relator herein and that the allegations of fact hereinabove set forth are true and correct, except as to those made upon information and belief, and these he believes to be true. [Signed.] J. F. Phillips."

It is admitted that the petitioner for mandamus was in the parish, about 25 miles

from the courthouse, when the petition was filed.

Our opinion is that the Act 300 of 1914, regulating pleadings and practice in civil cases in the district courts, other than appeals from the courts of the justices of the peace, was not intended to repeal and did not repeal the provisions of the Code of Practice referring especially to proceedings for mandamus or for other supervisory writs. Article 840 of the Code of Practice requires that a petitioner for a writ of mandamus shall state "the nature of his right, or of the injury he sustains, or of the denial of justice which he experiences, and shall make oath of the truth of the facts thus alleged." There is no provision for the attorney of the petitioner to make the oath or affidavit in lieu of the oath or affidavit required of the petitioner himself. Act 300 of 1914, referring generally to pleadings in ordinary proceedings, declares that the petition or answer in a case shall be verified by the plaintiff or defendant, as the case may be, and that the verification shall consist of an affidavit to the effect that all of the allegations of fact made in the petition or answer are true except as to those allegations expressly made on information and belief, and that, as to these, the affiant believes them to be true. The statute declares that the petition or answer in a suit may be verified by the attorney of the party or parties in all cases.

There is no indication either in the title or in the body of the Act 300 of 1914 that the Legislature intended that the statute should repeal the rigid requirements of the Code of Practice for obtaining a writ of mandamus or other supervisory writ. The repeating clause of the statute merely declares that all laws and parts of laws in conflict with the provisions of the act are thereby repealed. The special requirements for pleadings in extraordinary proceedings, such as a suit for mandamus, as provided for in the Code of Practice, are not in conflict with the general requirements for verifying pleadings in ordinary proceedings, provided for in the Act 300 of 1914.

The relief prayed for is denied.