STATE ex rel. FEDERAL LAND BANK OF NEW ORLEANS v. BULLOCK, Clerk of Court.

No. 1104.

Court of Appeal of Louisiana. First Circuit.

Jan. 24, 1933.

Newman & Jones, of Leesville, for appellant.

C. E. Hardin, of Lake Charles, and Woosley & Cavanaugh, of Leesville, for appellee.

LE BLANC, J.

This is a mandamus proceeding, by which the relator, the Federal Land Bank of New Orleans, seeks to compel the cancellation of a judgment which operates as a judicial mortgage on a certain piece of property in Vernon parish, title to which is in the name of W. Frank Carruth, from whom relator had subsequently obtained a conventional mortgage. The ground on which the judicial mortgage is sought to be canceled is that the judgment by which it operates was not reinscribed within ten years of its recordation.

The clerk of court refused to comply with relator's written request to cancel the judgment, given according to the provisions of section 2399 of the Revised Statutes; hence the institution of this mandamus.

From a judgment which made the alternative writ of mandamus peremptory and ordered the cancellation of the judgment, the clerk of court has appealed.

Two exceptions, are urged by respondent. One is that the petition for mandamus is not verified in the form and manner provided by law, and the other, that it does not mention or contain the residence of the relator.

There is also an exception of no cause of action found in the record, but counsel for respondent say in their brief that it is based on the same ground as the two already mentioned. They say that in addition it is based on another ground, but referring thereto we find that it is a matter which concerns the merits of the case and will be considered in connection therewith.

The petition for mandamus is sworn to by one of the attorneys for the relator. Respondent contends by his exception that there is not a compliance with article 840 of the Code of Practice, which provides that the party making application for mandamus shall present the same by petition, and shall make oath to the truth of the facts therein alleged. Whilst it would seem that the article as written contemplates that the oath shall be made by the party himself, the Supreme Court apparently has construed it to mean that he is required to do so only when he is present in the parish in which the application is made. We refer especially to the case of Arkansas Southern R. R. Co. v. Wilson, 118 La. 395, 42

So. 976. As much seems to be implied also in Porteau v. Gluck, 149 La. 651, 89 So. 886, and in Bass v. Baskowitz, 170 La. 779, 129 So. 201. In this case, the relator is the Federal Land Bank of New Orleans, evidently located in a different parish from that in which the application for mandamus was presented, and under the decisions cited would appear to have had the right to have the oath to the petition made, as it was, by its attorney. The exception is therefore overruled.

The other exception, we do not think, has any more merit. Relator styles itself in its petition as "The Federal Land Bank of New Orleans." The Federal Land Bank is a legal entity created by virtue of an act of Congress passed on July 17, 1916, and known as the Federal Farm Loan Act (12 USCA § 641 et seq.). Under the act it is provided that the Federal Farm Loan Board shall divide the country into twelve Federal Land Bank Districts and establish in each district a bank with its principal office in such city within the district as the board shall designate, and that the name of the city in which any such bank is located shall be included in its title. Acting in pursuance of these provisions, the Federal Farm Loan Board established and located a bank in the city of New Orleans, La., and designated it as "Federal Land Bank of New Orleans." Relator presents its petition under the name which seems to us to clearly indicate its residence. Respondent certainly has all the information necessary to apprise it of who the relator is and where it is domiciled.

On the merits two questions are presented. The first, and that connected with exception of no cause of action, being based on the fact that there has been a judgment of court decreeing that Carruth, mortgagor of the property herein mortgaged to relator, had no valid title thereto, his sale being a simulated one, and consequently relator could acquire no better rights than he held. For that reason it is contended that it has no standing in court. It appears, however, that the mortgage was given to relator by Carruth while the property was still in his name on the public records of the parish, and that is all that relator had to look to in order to obtain a legal and valid mortgage.

[4] The other question raised by respondent to the merits is that a suit for revival of the judgment having been filed before the expiration of ten years from the date of its recordation, it had the effect of keeping the judgment alive. That may be a correct statement of the law, but has nothing to do with the issue herein presented. Relator is not concerned with the rights of the parties under that judgment, but it is vitally interested in having the inscription of the mortgage arising thereunder canceled, and this, it has a right to have done under the provisions of article 3369, Rev. Civ. Code. In the case of Carroll v. Seip, 25 La. Ann. 141, it was held "that a judicial mortgage, like any other, must be reinscribed within ten years from the first inscription in order to preserve the rank acquired by said inscription."

Relator has answered the appeal asking for an amendment of the lower judgment which decreed the cancellation and erasure from his records of the "judgment in suit No. 4476 entitled Dr. F. P. Jones v. S. O. Turner and J. H. Turner etc." The decree is too far-reaching, as the only relief relator is entitled to is to have that judgment canceled in so far as it operates as a mortgage on the property in which relator holds its mortgage.

For the reason stated, it is therefore ordered that the judgment appealed from be amended by decreeing that the said judgment in suit No. 4476, entitled Dr. F. P. Jones v. S. O. Turner and J. H. Turner, of the docket of the Eleventh district court, Vernon parish, be ordered canceled and erased to the extent only that it affects and operates as a mortgage on the same property on which the Federal Land Bank of New Orleans, relator herein, holds its mortgage, and that, as thus amended, it be affirmed.