### GIBBS et al. v. SOUTHERN CARBON CO. et al.

### No. 4728.

Court of Appeal of Louisiana.
Second Circuit.
May 4, 1934.

Matthew C. Redmond and Dhu Thompson, both of Monroe, for appellants.

Oliver & Digby, of Monroe, for appellees.

MILLS, Judge.

In their original petition plaintiffs alleged: Their ownership of the southeast quarter of section 20 and the northeast quarter of section 29, township 19 north, range 5 east, Ouachita parish, La. That before the co-plaintiffs Mrs. Grose and Miss Wilson acquired their interest, Gibbs, on July 21, 1917, executed an oil and gas lease on the land to the Producers' Oil Company of Texas, which lease has been assigned to defendant Southern Carbon Company. That, as amended, it provides that the lessors shall receive $10 per annum for each well from which gas is used in the manufacture of gasoline, and further provides that the lessors are to receive $500 per annum, payable quarterly, for each well producing gas in paying quantities, but not producing oil in paying quantities, and from which gas is not being used or sold. That five wells have been drilled on the lease which have produced gas and gasoline in paying quantities, the dates of their completion being: Well No. 1, December 24, 1922; well No. 2, September 23, 1923; well No. 3, December 31, 1923; well No. 4, March 2, 1924; and well No. 5, June 10, 1924. That defendants have failed to pay the sum of $470 for gasoline extracted from said wells and have wrongly deducted the severance tax from payments of royalties made. That in June, 1923, defendants shut in well No. 4, which was producing gas in paying quantities, and at the time of filing the suit owed $375, representing three quarterly payments for a well capable of producing gas in paying quantities but from which gas is not being used. That defendant company is about to destroy well No. 4 by pulling the casing therefrom in violation of the terms of the lease, and should be enjoined from so doing.

A moneyed judgment in the above amounts and an injunction are prayed for. A temporary restraining order issued.

Thereafter, before the appearance and answer of defendant, plaintiffs filed an amended petition, supplementing the original by adding an alternative demand for one-eighth of the value of the gasoline produced in the event they are not entitled to the $10 per annum demanded in the original petition, and by

praying for an accounting of the sums withheld for the severance tax. The allowance of this amended petition was objected to and the objection sustained, whereupon defendant answered, denying any indebtedness whatever to plaintiffs and denying any gasoline has ever been produced from the land in question, which has produced gas in paying quantities. The answer admits that defendant was preparing to pull the casing from well No. 4, but claims that it was to be done only in accordance with the terms of the lease, as the well had ceased to produce gas in paying quantities. It contains the further averment that the temporary restraining order improvidently issued, and prays that it be dissolved with damages in the sum of $508 which represents the cost of moving on and off the premises the rig hired to pull the casing.

After due trial had there was judgment rejecting plaintiffs' demands, dissolving the restraining order, and allowing the damages sued for; from which judgment plaintiffs have prosecuted this appeal.

They first complain of the ruling of the lower court in disallowing the amended petition. We are informed by the minutes of the court that it was objected to on the following grounds: (1) That it is not sworn to; (2) that it is an attempt to amend the suit in which a temporary injunction has issued; (3) the lack of an affidavit setting forth it is necessary; and (4) that it changes the issues.

Counsel for defendant cite three cases in support of the ruling of the lower court:

(1) Calderwood v. Trent, 9 Rob. 227, in which it is held that amendments offered after an injunction has been granted should only be allowed where manifestly they will promote justice, and never when their object appears to be delay. Though this case was decided in 1844, we fail to find where it was ever afterwards cited. In the present case the averments of the amended petition affect in no way the grounds urged in support of the application for an injunction. They merely enlarge upon the moneyed demand. There is no suggestion that the purpose is delay.

(2) Porteau v. Gluck, 149 La. 651, 89 So. 886, refers to the verification of petitions for mandamus or other supervisory writs. As the supplemental petition affects in no way the injunctive issue, we cannot see how this case is in point.

(3) Bass v. Baskowitz, 170 La. 779, 129 So. 201, simply holds that an affidavit for an attachment cannot be sworn to by an attorney when the principal is present in the parish.

 On the other hand the authorities are too numerous to cite in full that amendments are favored when they tend to promote a just and final disposition of a case and are not offered for purpose of delay.

Articles 419–421 of the Code of Practice govern amendments of the petition after issue joined, and provide that they can only be made with the leave of the court where they do not alter the substance of the demand.

Before issue joined, leave of the court is not required. Tarver v. Quinn, 149 La. 368, 89 So. 216.

Until the defendant appears, the plaintiff may file as many supplemental petitions as he desires. Lehman Dry Goods Co. v. Lemoine, 129 La. 382, 56 So. 324.

Where they cause no injury or delay, they should always be allowed. Meyer v. Farmer, 36 La. Ann. 785; Williamson v. Williamson, 164 La. 144, 113 So. 796.

Even had issue been joined in the case, we cannot see where the amended petition changes the issues in that the additional averments consist only of the alternative demand for gasoline payments and for an accounting of the severance tax deductions which are mentioned in the original petition but, apparently by oversight, not included in the prayer. The amended petition is sworn to and does not require an affidavit as to its necessity.

We are of the opinion that the amended petition should have been allowed and the plaintiff has the right to have his case tried upon all the issues presented.

It is accordingly remanded to be proceeded with in accordance with the views herein expressed.