### ELGUTTER v. McCARTY. *
#### No. 5241.

Court of Appeal of Louisiana.
Second Circuit.
April 30, 1936.

Thos. M. Wade, Jr., of St. Joseph, for appellant.

Young & Watson, of St. Joseph, for appellee.

HAMITER, Judge.

Plaintiff, the holder of defendant's promissory note for $150, dated September 30, 1929, and due November 1, 1930, instituted this suit to recover judgment therefor, plus interest at 8 per cent. from maturity and 10 per cent. attorney's fees, stipulated therein.

Defendant denies liability on the note and resists the suit on the ground that the note was executed and issued by him, and delivered to plaintiff without any consideration. The facts relied on by him to sustain this contention, as disclosed by his answer, are these: That plaintiff, in September, 1929, issued execution on a judgment for several hundred dollars which he held against Louis Teat, a tenant of defendant, and caused his crop of cotton, corn, and other movable property, to be seized; that plaintiff agreed to transfer his judgment to defendant herein for $150 and, in payment of said price, defendant executed and delivered the note sued on, but that plaintiff failed and refused to assign the said judgment or any part thereof to him, as agreed, and took no steps looking to the consummation of said agreement, which was the "basis and consideration of the said note"; that he was unable to collect said judgment because of the lack of formal assignment thereof, as agreed between them.

The trial court rejected plaintiff's demands and dismissed his suit on the ground that the agreement, under which the judgment was to be transferred, carried with it the specific obligation on the part of plaintiff to execute formal assignment thereof, and as this obligation was not carried out, the agreement as a whole collapsed.

Plaintiff has appealed.

The undisputed facts are that after the seizure was levied on Teat's property, at which time he was due defendant several hundred dollars on the 1929 supply account, defendant, in order to better protect his own interest, entered into negotiations with plaintiff to purchase the judgment. They reached an agreement on the subject. The price was $300, and plaintiff was to pay the accrued court costs, and release the seizure of Teat's property. Defendant paid $150 in cash and executed the note sued on for the balance of the price. The seizure was released by the sheriff and the property affected thereby delivered into defendant's possession, or so placed that he could secure immediate possession thereof.

The written assignment of the judgment was not executed, and nothing done concerning it until February, 1930, when defendant wrote plaintiff requesting that the assignment be executed to him. Plaintiff

answered that he would do so if defendant would pay him an additional $4 expended for hauling some of the seized cotton to a gin. The matter thus rested until the present suit was filed in April, 1934. However, in the meantime plaintiff notified Teat that he had sold the judgment to defendant, and defendant informed Teat that he had purchased the judgment. This occurred in the fall of 1930, a year after the transfer of the judgment was first considered, and met the requirements of article 2643 of the Civil Code, which reads:

*"Effect of Delivery as to Debtor—Notice.* —The transferee is only possessed, as it regards third persons, after notice has been given to the debtor of the transfer having taken place.

"The transferee may nevertheless become possessed by the acceptance of the transfer by the debtor in an authenic act."

■ It is not necessary to the perfection of a sale or assignment of incorporeal rights or debts, such as judgments, that it be reduced to writing. Bonner v. Beard, 43 La.Ann. 1036, 10 So. 373; Succession of Delassize, 8 Rob. 259.

While the defense urged to the suit is that there was no consideration for the note, in reality failure of consideration, because of nonexecution of assignment of the judgment, is the true defense.

■ We are of the opinion that the title to the judgment as between plaintiff and defendant passed when the price was paid by defendant in cash and by note, the seizure thereunder released, and the court costs paid by plaintiff. Article 2642, Civil Code. Both parties so viewed the transaction as reflected from their notices to Teat. He was bound thereby, after being notified. Geisenberger v. Cotton; 116·La. 651, 40 So. 929.

There could be no actual delivery of the judgment, the physical thing, because it formed a part of the suit and was required to remain in the archives of the clerk's office. This being true, delivery was fictive, and the assignment ripened into a perfected contract, binding on all concerned, when its terms were complied with and its consummation notified to the judgment debtor. Lehman Dry Goods· Co. v. Lemoine, 129 La. 382, 385, 56 So. 324.

The fact that plaintiff, some months after the transaction was closed, refused to execute written assignment unless the $4 paid by him for hauling the cotton was refunded by defendant, has no material bearing upon the issue. And the fact that defendant has never sought to recover from plaintiff the $150 cash paid on the price of the judgment, and does not reconvene for it in this suit, strongly supports the contention that he believed himself to be the owner of the judgment. Further, he has not heretofore, and does not in this suit, offer to restore the benefits, if any, accruing to him through release from seizure of Teat's property, on a part of which he had a privilege as furnisher of supplies.

There is nothing in the record to support defendant's allegation that for lack of the assignment, he was prevented from collecting the judgment.

For the reasons herein given, it is ordered, adjudged, and decreed that the judgment of the trial court is reversed; and there is now judgment in plaintiff's favor and against defendant in the sum of $150 with 8 per cent. per annum interest thereon from November 1, 1930, until paid, and 10 per cent. additional on the aggregate amount of principal and interest as attorney's fees; defendant shall pay all costs of both courts.